UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:17-cr-10197-PBS |
| | ) | |
| CECILY STURGE | ) | |

**Motion for Reconsideration of Defendant's Motion to
Modify Conditions of Pretrial Release (Dkt. 32)**

Because there remains a serious risk that the defendant will flee, the government respectfully moves the Court to reconsider its decision to relax her pretrial release conditions. Cecily Sturge was indicted for making a false statement that was material to the investigation of her former husband, Scott J. Wolas—a lie whose purpose was to help Wolas evade arrest for a fraud he committed in Massachusetts and remain a fugitive from grand larceny charges that were filed against him in New York in 1997.[1] *See* Compl. Aff. (Dkt. 4) ¶¶ 4, 7. Now Sturge seeks the removal of one of the protections that might keep her from becoming a successful fugitive herself. Sturge is a flight risk who should be kept on electronic monitoring.

In the months leading to her arrest, Sturge worked actively to help Wolas remain a fugitive. Beyond lying to the FBI to conceal his whereabouts, she helped him find a place to live in Florida under an assumed identity after he fled Massachusetts, and she was working with him as recently as April 2017 to obtain access to his retirement account (worth around $647,000) in an effort that involved repeated false denials, under oath, that she had seen or spoken with Wolas since 1995. *See id.* ¶¶ 12–14, 15–24. Having lied repeatedly in order to help her ex-husband

---

[1] Wolas has since been indicted and arrested for defrauding at least nineteen people of about $1.5 million between 2014 and 2016. *See United States v. Wolas*, No. 17-cr-10198-FDS (D. Mass.).

remain a fugitive, Sturge should not be released simply on her promise to return, supported only by a bond funded by her son.[2]

Electronic monitoring deters flight, and it is an aid to law enforcement when defendants flee. Of course, as the Court has noted, electronic monitoring can be circumvented (just as defendants can escape incarceration even when imprisoned). But because the monitors, which gather location data, notify law enforcement when the monitors have been removed, they considerably shrink the search radius for defendants who abscond, a feature that can sometimes mean the difference between rapid apprehension and a successful escape. This district has recently seen several white-collar defendants flee, including one even older than Sturge—like her, with no criminal history—who fled within the past two months and has not been apprehended.[3] Especially in this case, where Sturge resides in a border district and has worked closely and recently with a successful fugitive in order to help him evade apprehension, it is important that the Court leave in place the protection of an electronic monitor.

---

[2] At Sturge's detention hearing in Florida, Sturge's son and his wife were sufficiently hesitant to post Sturge's bond that the presiding judge expressed concern they were worried Sturge would flee.

[3] Robert Bray, 79, had lifelong ties to Cambridge and was released pretrial on conditions that did not include electronic monitoring. *See United States v. Bray*, No .14-cr-10356-WGY (D. Mass.). He was sentenced in May 2016 to 24 months in prison for securities fraud, and he lost his appeal. Despite being compliant with all release conditions through trial, sentencing, and appeal, Bray fled. He has been missing since his self-report date of May 19, 2017.

For those reasons, the government respectfully requests that the Court reconsider its ruling granting Sturge's motion to modify her conditions of release, putting back in place at least the requirement that Sturge be subject to electronic monitoring.

                                                                  Respectfully submitted,

                                                                  WILLIAM D. WEINREB
                                                                  Acting United States Attorney

Dated: July 17, 2017        By:                 */s/ Brian A. Pérez-Daple*
                                                                  Brian A. Pérez-Daple
                                                                  Assistant U.S. Attorney

## Certification of Compliance with Local Rule 7.1

I hereby certify that I have conferred with opposing counsel in a good faith effort to resolve or narrow the issues presented by this motion.

Dated: July 17, 2017                                           */s/ Brian A. Pérez-Daple*
                                                                     Assistant United States Attorney

## Certificate of Service

I hereby certify that, on this day, I electronically filed the above document using the CM/ECF system, which should automatically send e-mail notification to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 17, 2017                                           */s/ Brian A. Pérez-Daple*
                                                                     Assistant United States Attorney